IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOPHIE PUSKAR,                          )
                                        )        Civil Action No. 2:19-cv-01235
           Plaintiff,                   )
                                        )        HONORABLE WILLIAM S. STICKMAN
    v.                                  )
                                        )
WESTMORELAND COUNTY                     )
and WEXFORD HEALTH                      )
SOLUTIONS, INC.,                        )        JURY TRIAL DEMANDED
                                        )
           Defendants.                  )        Electronically Filed.

<u>AMENDED COMPLAINT IN A CIVIL ACTION</u>

COMES NOW, the Plaintiff, SOPHIE PUSKAR, by and through her attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Amended Complaint in a

Civil Action as follows:

<u>JURISDICTION AND VENUE</u>

1.      This is an action to redress the deprivation by the Defendants of the Plaintiff's civil

rights, and in particular, the right to be free from illegal, invidious and damaging discrimination

and harassment in her employment on account of her sex, which right is guaranteed by the

Constitution of the United States and the laws and statutes enacted pursuant thereto, and in

particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, <u>et</u> <u>seq.</u> (as amended)

("Title VII"), the Civil Rights Act of 1991 (as amended), as well as pendent state law claims.

Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and

1343(3).

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

     a.      Plaintiff filed charges of discrimination and retaliation against each Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about February 5, 2019 and said charges was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

     b.      The EEOC issued a Notice of the Right to Sue for each Defendant dated September 13, 2019 and;

     c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

<u>PARTIES</u>

5.      Plaintiff, Sophie Puskar, is an adult female individual residing in Fayette County, Pennsylvania.

6.      Defendant, Wexford Health Sources, Inc. ("Wexford"), is a Pennsylvania business corporation with a registered address of Green Tree Commons, 381 Mansfield Avenue, Suite 205, Pittsburgh, Pennsylvania 15220 and a local address of 501 Holiday Drive, Foster Plaza Four, Pittsburgh, Pennsylvania 15220.

7.      At all times relevant hereto, Defendant Wexford was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment.

8.      Defendant, Westmoreland County ("County"), is a Pennsylvania municipal corporation with administrative offices located at 2 North Main Street, Suite 101, Greensburg, Pennsylvania 15601.

9.      At all times relevant hereto, Defendant County owned and operated Westmoreland County Prison, located at 3000 South Grande Boulevard, Greensburg, Pennsylvania 15601.

10.     At all times relevant hereto, Defendant County was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment.

<u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff was employed by Defendant Wexford from in or about January, 2017, until her constructive discharge on or about October 27, 2019.  At the time of her unlawful discharge, Plaintiff held the position of contract nurse.

12.     Plaintiff applied for, and was awarded, the position of contract nurse assigned to Defendant County's prison through Defendant Wexford.

13.     Plaintiff held the position of contract nurse assigned to Defendant County for approximately three (3) years.

14.     Plaintiff was subjected to a hostile work environment beginning in or about 2018 until her constructive discharge on or about October 27, 2019.

15.     During the course of Plaintiff's employment at Defendant County's prison, an inmate, J'adrian Wade ("Wade"), continuously made sexually explicit comments to the Plaintiff while the Plaintiff was distributing medication to inmates.

16.     The comments made by Mr. Wade to the Plaintiff included, but were not limited to, "I can't wait to fuck you."

3

17.     Mr. Wade did not receive medication and should therefore not have been permitted to be in the Plaintiff's presence as she distributed medication to inmates who do receive medications.

18.     As a direct result of these inappropriate and unsettling remarks, Plaintiff asked the corrections officer on duty, Officer Todd Hannah ("Hannah"), approximately three (3) times to remove Mr. Wade from Plaintiff's presence and to return Mr. Wade to his assigned cell.

19.     Although Officer Hannah heard Mr. Wade's sexually explicit comments to the Plaintiff and was aware that Mr. Wade did not receive medication, he did not remove Mr. Wade from the Plaintiff's presence, even upon the Plaintiff's request.

20.     Moreover, Officer Hannah did not discipline Mr. Wade in any way for his offensive conduct.

21.     In fact, Officer Hannah laughed at the Plaintiff when she requested that Officer Hannah remove Mr. Wade from her presence, despite the Plaintiff's obvious discomfort.

22.     On or about September 25, 2018, Mr. Wade physically assaulted the Plaintiff by grabbing her buttocks.

23.     Plaintiff immediately made a verbal complaint of the assault to her supervisor at Defendant Wexford, Emily Zyniewicz ("Zyniewicz").

24.     Ms. Zyniewicz instructed the Plaintiff to file a report with Defendant County's Sergeant FNU Beaken ("Beaken").

25.     That same day, Plaintiff verbally complained to Sergeant Beaken and also provided him with a written statement detailing Officer Hannah's failure to safeguard her person.

26.     Officer Hannah was not disciplined in any way for his unprofessional conduct.

27.     Approximately one (1) week later, Plaintiff was assigned to work on the same unit as Officer Hannah.

28.     At that time, Officer Hannah remarked that Plaintiff was a "f---ing liar" and indicated that he would request to work with a different nurse.

29.     Plaintiff submitted a second complaint to her supervisors, including, but not limited to, Ms. Zyniewicz, regarding Officer Hannah's unprofessional conduct.

30.     Despite Plaintiff's complaint, Officer Hannah was not disciplined in any way.

31.     Thereafter, Plaintiff worked with Officer Hannah on numerous occasions, wherein the Plaintiff has been subjected to retaliatory conduct by Officer Hannah.

32.     On each of those occasions, Officer Hannah loudly drummed his pen against a table as Plaintiff disbursed medication to the inmates, such that Plaintiff was unable to hear the inmates over the noise.

33.     Thereafter, Plaintiff submitted a third complaint regarding Officer Hannah's unprofessional conduct to the head of security at Defendant County's prison, Lieutenant Deputy Warden George Lowther ("Lowther").

34.     Despite Plaintiff's complaint to Lieutenant Deputy Warden Lowther, Officer Hannah was not disciplined in any way.

35.     After Plaintiff had made multiple complaints regarding Officer Hannah's unprofessional conduct, another corrections officer, Officer Scott Harding ("Harding"), began pounding on tables as Plaintiff disbursed medication in his unit.

36.     Officer Harding is Officer Hannah's cousin.  Plaintiff believes and therefore avers, that Officer Harding's actions, as described hereinbefore above, were taken in direct retaliation for Plaintiff's complaints against Officer Hannah.

37.     These disruptions, caused by Officers Hannah and Harding, prolonged the medication disbursement process, thereby placing the Plaintiff in direct contact with inmates for longer than necessary.

38.     During one such disbursement, Officer Harding stated to another corrections officer, "Why do we have that f---ing b---- here for."  Plaintiff interpreted this comment to be a derogatory remark directed at her.

39.     Plaintiff submitted complaints regarding Officer Hannah and Officer Harding's unprofessional conduct to Ms. Zyniewicz, who directed the Plaintiff to inform a sergeant.

40.     Thereafter, Plaintiff made a complaint to Sergeant FNU Keenan ("Keenan").  At that time Sergeant Keenan laughed at the Plaintiff and informed her that Officer Hannah was the subject of another complaint made by a member of County's nursing staff.

41.     Despite Plaintiff's complaints about the Officers' continuing course of harassing conduct, neither Officer Hannah, nor Officer Harding, were disciplined in any way for that conduct, by either Defendant Wexford or Defendant County.

42.     Plaintiff has been adversely affected as a result of the Defendants' actions and inaction and the sexually hostile work environment created and perpetrated by the Defendants.  Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct, as described above.

43.     As a direct and proximate result of the Officers' continuing course of harassing conduct, Plaintiff was unable to continue her employment as a contract nurse and was constructively discharged on or about October 27, 2019.

44.     Furthermore, Plaintiff believes, and therefore avers, that Plaintiff is not the only nurse who has been similarly harassed by Officer Hannah.

45.     Plaintiff believes, and therefore avers, that Defendants' conduct is part of a plan, pattern or practice of discrimination that may affect similarly situated individuals.

COUNT I:

PLAINTIFF v. DEFENDANTS

SEXUAL (GENDER) DISCRIMINATION

46.     Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth at length herein.

47.     As described hereinbefore above, Plaintiff was subjected to discrimination based on her sex in that she was treated differently and disparagingly by male employees in positions of power and was the subject of derogatory remarks by these male employees.

48.     Although Plaintiff made multiple formal complaints to the Defendants of the discriminatory actions, Defendants did nothing to prevent further discriminatory, retaliatory and harassing actions or discipline the male employees involved.

49.     As a direct result of the Defendants' discriminatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

50.     Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

51.     The actions of the Defendants, through their employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

52.    The actions on part of the Defendants are part of a plan, practice or pattern of

discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the actions of the Defendants to
be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and
1991;

b.    that, in addition to the damages described hereinbefore above, the Court
award the Plaintiff compensatory and punitive damages as a result of the
Defendants' violation of the Civil Rights Act of 1991;

c.    that the Court order the Defendants to reinstate the Plaintiff to the position
that she held prior to her constructive discharge and increase the Plaintiff's
salary to the level to which she would be entitled but for the
discrimination described above, together with the accumulated seniority,
fringe benefits, position and all other rights associated with that position;
or, in the alternative, that the Court order the Defendants to pay the
Plaintiff front pay equivalent to her lost salary, salary raises, fringe
benefits and all other rights to which she would have been entitled but for
the Defendants' discriminatory conduct;

d.    that the Court award the Plaintiff compensation for any and all lost salary,
wages and benefits;

e.    that the Court order the Defendants to pay pre and post-judgment interest
on any award given to the Plaintiff;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of
this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and
proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS

<u>SEXUAL HARASSMENT</u>

53.    Plaintiff incorporates by reference Paragraphs 1 through 52 as though fully set forth at

length herein.

54.    As described hereinbefore above, Plaintiff has been subjected to a sexually hostile work

environment in violation of Title VII of the Civil Rights Act.

55.    Although Plaintiff filed multiple formal complaints to Defendants, neither Defendant has

taken any remedial action against Officers Hannah or Harding.

56.    As a direct result of the sexually hostile work environment in violation of Title VII of the

Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure

pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.

57.    Defendants' actions, through their employees, were intentional, willful and deliberate

and/or done with reckless disregard for the rights of the Plaintiff.

58.    The actions on the part of the Defendants are part of a plan, pattern or practice of sexually

harassing and/or discriminating against female employees in the type and manner described

above which may affect others similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the actions of the Defendants to
be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and
1991;

b.    that, in addition to the damages described hereinbefore above, the Court
award the Plaintiff compensatory and punitive damages as a result of the
Defendants' violation of the Civil Rights Act of 1991;

c.    that the Court order the Defendants to reinstate the Plaintiff to the position
that she held prior to her constructive discharge and increase the Plaintiff's

salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

d. that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

e. that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT COUNTY

RETALIATION

59.   Plaintiff incorporates by reference Paragraphs 1 through 58 as though fully set forth at length herein.

60.   As described hereinbefore above, Plaintiff was retaliated against for engaging in a protected activity.  The retaliatory conduct included, but was not limited to, disruptions to Plaintiff's work by Officers Hannah and Harding and derogatory remarks made about the Plaintiff.

61.   Furthermore, the retaliatory conduct of both Officers Hannah and Harding placed Plaintiff in direct physical contact with the inmate population for longer periods of time than were necessary, thereby increasing Plaintiff's exposure to another assault.

10

62.     As a direct result of Defendant's discriminatory actions, and in violation of Title VII, Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

63.     The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the actions of the Defendants to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.     that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

c.     that the Court order the Defendants to reinstate the Plaintiff to the position that she held prior to her constructive discharge and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

d.     that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

e.     that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

11

COUNT IV:

PLAINTIFF v. DEFENDANTS

PENNSYLVANIA HUMAN RELATIONS ACT

64.    Plaintiff incorporates Paragraphs 1 through 63 as though fully set forth at length herein.

65.    As set forth above, the Defendant has discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

66.    As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment.  Such conduct ultimately led to the Plaintiff's injuries and damages, as set forth at length above.

67.    As a direct result of the Defendants' discriminatory and retaliatory actions and violations of the PHRA, the Plaintiff has, and/or will, incur counsel fees and other costs in pursing her legal rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

68.    The actions on the part of the Defendants, through their employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the actions of the Defendants to be unlawful and violative of the Pennsylvania Human Relations Act;

b.    that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory damages as a result of the Defendants' violations of the Pennsylvania Human Relations Act;

c.    that the Court order the Defendants to reinstate the Plaintiff to the position that she held prior to her constructive discharge and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe

benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

d.     that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

e.     that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED


Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: February 4, 2020